AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT

### for the
### District of Massachusetts

| In the Matter of the Search of | ) | |
|---|---|---|
| (Briefly describe the property to be searched or identify the person by name and address) | ) | Case No.   13 - mj - 1098 - RBC |
| FEDEX PARCEL BEARING TRACKING NUMBER 5350 8989 8894 | ) ) ) | |

### APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property (identify the person or describe the property to be searched and give its location):

SEE ATTACHMENT A (A-1), ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE

located in the _____ District of _____Massachusetts_____ , there is now concealed (identify the person or describe the property to be seized):

SEE ATTACHMENT B, ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE

The basis for the search under Fed. R. Crim. P. 41(c) is (check one or more):

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute and/or distribution of controlled substances |
| 21 U.S.C. § 846 | Conspiracy to possess with intent to distribute controlled substances |

The application is based on these facts:

See Affidavit of SA Richard Atwood attached hereto

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

**Special Agent Richard Atwood**
Printed name and title

Sworn to before me and signed in my presence.

Date: ~~04/15/2013~~  APR 1 6 2013

_____
Judge's signature

City and state:  Boston, Massachusetts

**U.S. Magistrate Judge Robert B. Collings**
Printed name and title

## ATTACHMENT A

### (Description of Property to be Searched)

The SUBJECT PARCELS are FedEx Parcels bearing tracking label numbers 5350 8989
8894, 5350 8989 8839, 5350 8989 8872, 5350 8989 8883, 5350 8989 8791, 5350 8989
8806, and 5350 8989 8780, and are more particularly described as follows:

1.    FedEx parcel bearing tracking label number 5350 8989 8894, addressed to

"Daphne JEAN APT 106 250 Engamore Lane Norwood MA 02062," with a

return address of "Karen JEAN 535 Hyde St San Francisco, CA 94102

(referred to as Package A-1);

2.    FedEx parcel bearing tracking label number 5350 8989 8839, addressed to

"Daphne JEAN APT 106 250 Engamore Lane Norwood MA 02062," with a

return address of "Karen JEAN 535 Hyde St San Francisco, CA 94102

(referred to as Package A-2);

3.    FedEx parcel bearing tracking label number 5350 8989 8872, addressed to

"Daphne JEAN APT 106 250 Engamore Lane Norwood MA 02062," with a

return address of "Karen JEAN 535 Hyde St San Francisco, CA 94102

1

(referred to as Package A-3);

4.    FedEx parcel bearing tracking label number 5350 8989 8883, addressed to

"Daphne JEAN APT 106 250 Engamore Lane Norwood MA 02062," with a

return address of "Karen JEAN 535 Hyde St San Francisco, CA 94102,"

(referred to as Package A-4);

5.    FedEx parcel bearing tracking label number 5350 8989 8791, addressed to

"Linden JAGGON Apt. 67 5300 Washington St West Roxbury, MA 02132,"

with a return address of "Ann JAGGON 248 Hyde St San Francisco, CA

94102 (referred to as Package A-5);

6.    FedEx parcel bearing tracking label number 5350 8989 8806, addressed to

"Linden JAGGON Apt. 67 5300 Washington St West Roxbury, MA 02132,"

with a return address of "Ann JAGGON 248 Hyde St San Francisco, CA

94102 (hereinafter referred to as Package A-6); and

7.    FedEx parcel bearing tracking label number 5350 8989 8780, addressed to

"Linden JAGGON Apt. 67 5300 Washington St West Roxbury, MA 02132,"

with a return address of "Ann JAGGON 248 Hyde St San Francisco, CA

94102" (hereinafter referred to as Package A-7).

Each SUBJECT PARCEL is approximately 23 inches long, 18 inches wide, and 14 inches

deep, and each weighs approximately 20 pounds.  The parcels are currently in the

possession of the Norwood Police Department.

## PICTURE OF PACKAGE A-1



## ATTACHMENT B

(Items to be searched for and seized)

Items, documents, records, files, and other information that constitutes evidence,

fruits, and/or other instrumentalities of violations of Title 21, United States Code, Sections

841(a)(1) and 846, including but not limited to narcotics, money, records relating to

narcotics and/or money, and/or records relating to the identity of the individual who

shipped the package or the intended recipient of the package.

11

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR SEARCH WARRANT FOR FEDEX PARCELS BEARING TRACKING LABEL NUMBER 5350 8989 8839, 5350 8989 8883, 5350 8989 8872, 5350 8989 8894, 5350 8989 8791, 5350 8989 8806, 5350 8989 8780 | ) MJ No.<br>)<br>) 13-mj- 1098-RBC<br>)<br>)<br>) **FILED UNDER SEAL** |

## AFFIDAVIT OF SPECIAL AGENT RICHARD ATWOOD

I, Special Agent Richard Atwood, being duly sworn, depose and state as follows:

## I.   INTRODUCTION

### A.   Agent Background

1.      I have been employed as a Special Agent (SA) with the Department of

Homeland Security (DHS), Homeland Security Investigations (HSI), for

approximately four years.  I have received training by HSI in the

investigation of smuggled goods and/or contraband over interstate and

international lines.  I am currently assigned to the HSI SAC Boston Field

Office, specifically to the Airport/Seaport Group, which is responsible for

1

investigating violations involving contraband being imported and exported into and out of the United States. Prior to becoming a Special Agent with HSI, I was employed as a U.S Postal Inspector, working for the United States Postal Inspection Service ("USPIS") for approximately six years. I had received training by the U. S. Postal Inspection Service in the investigation of contraband, including stolen goods, narcotics, and counterfeit documents being transported through the United States mails. Prior to becoming a United States Postal Inspector, I was a Police Officer with the Phoenix Police Department for approximately four years, and a Manchester, New Hampshire Police Officer for approximately eight months. Finally, I have a Bachelor of Arts Degree in History that I received while attending Framingham State College, in Framingham, Massachusetts.

2. I have written and/or participated in the execution of numerous search warrants resulting in the seizure of large quantities of controlled substances and paraphernalia involved in the manufacture and distribution of controlled

substances, United States currency, records of narcotics and monetary

transactions, drug customer lists and other documents relating to the

manufacturing, transportation, ordering, purchasing and distribution of

controlled substances, as well as the collection, expenditure, accounting,

transportation, and laundering of drug proceeds.  I have participated in the

debriefing of numerous defendants, informants, and witnesses who had

personal knowledge regarding large-scale narcotics trafficking organizations.

I have participated in all aspects of drug investigations including conducting

surveillance, executing searches pursuant to court-ordered search warrants,

executing arrests.  I have received extensive specialized training in the field

of controlled substance identification, investigation, and enforcement.

3.      This affidavit is made in support of an application for a search warrant for

FedEx Parcels bearing tracking label numbers 5350 8989 8839, 5350

8989 8883, 5350 8989 8872, 5350 8989 8894, 5350 8989 8791, 5350

8989 8806, 5350 8989 8780 (the "SUBJECT PARCELS").  A full

3

description of the parcels to be searched pursuant to a search warrant is attached hereto as Attachment A, which is incorporated herein by reference. The SUBJECT PARCELS are currently in the possession of the Norwood Police Department.

4.    For the reasons set forth in this affidavit, I submit that probable cause exists to believe that the SUBJECT PARCELS contain evidence of the following offenses:  (a) possession with intent to distribute and distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1); and (b) conspiracy to do the same, in violation of 21 U.S.C. § 846.

5.    This affidavit does not contain each and every fact I know about this investigation.  This affidavit only sets forth sufficient facts to demonstrate probable cause for a search warrant.

B.    General Background Concerning The Shipment Of Drugs And Drug Sale Proceeds Through The U.S. Mails and Parcel Services

6.    Based on my training and experience, I am familiar with narcotics traffickers' methods of operation, including methods used by them to distribute, store,

4

and transport narcotics and to collect, expend, account for, transport, and launder drug proceeds. I am also familiar with the manner in which narcotics traffickers use personal and rented cars and trucks, common carriers, mail, and private delivery services, and a variety of other motor vehicles, to: (a) meet with co-conspirators, customers and suppliers; (b) transport, distribute, and purchase narcotics; (c) transport funds used to purchase narcotics; and (d) transport the proceeds of narcotics transactions.

7.     Based on my training and experience, I know that narcotic trafficking typically involves the local, interstate, and international movement of illegal drugs to distributors and co-conspirators at multiple levels, and the movement of the proceeds of narcotics trafficking among multiple participants including suppliers, customers, distributors, and money launderers. Within the United States and the District of Massachusetts, illegal drugs and drug money are most often transported in motor vehicles. Consequently, the location of vehicles used by narcotics traffickers and those working with them can be

instrumental in identifying and intercepting shipments of illegal drugs and drug proceeds.

8.    I know from my training and experience and from drug trafficking intelligence information gathered by the USPIS and fellow law enforcement that Parcel Express Services are frequently utilized by drug traffickers for shipping drugs and drug proceeds.  Use of FedEx, Express Mail and Priority Mail are favored because of the speed, reliability, free telephone and Internet package tracking service, as well as the perceived minimal chance of detection.  FedEx Express Mail was originally intended for urgent, business-to-business, correspondence.  However, based on USPIS intelligence, other law enforcement officials and my personal experience with numerous prior packages that were found to contain contraband, these types of packages containing contraband are usually sent from an individual to an individual.

9.    In an effort to combat the flow of controlled substances through the U. S. mails, interdiction programs have been established in cities throughout the

6

United States by the fellow law enforcement. These cities have been

identified as known sources of controlled substances. The USPIS and fellow

law enforcement officials conducted an analysis of prior packages which

were found to contain drugs and drug proceeds. The analysis of prior

packages that were found to contain drugs or drug proceeds indicated that

these packages are usually from an individual to an individual. In the few

cases when Express Mail packages containing drugs or drug proceeds have

displayed a business or company name, it has usually proven to be a

fictitious business or company. Additionally, this analysis has established a

series of package characteristics which, when a package is found with a

combination of two or more characteristics described below, have shown

high probability that the package will contain a controlled substance or the

proceeds of controlled substance sales. These characteristics include the

following: (1) package is mailed from or addressed to a narcotic source city;

(2) package has a fictitious return/sender address or name; (3) package

has address information which is handwritten; (4) the handwritten label on

the FedEx Label article does not contain a business account number,

thereby indicating that the sender paid cash; (5) package is addressed from

an individual to an individual and (6) package is heavily taped.

## II.  DESCRIPTION OF PARCELS

10.    On April 2, 2013, the SUBJECT PARCELS were observed in the evidence

room at the Norwood Police Department.  The SUBJECT PARCELS are

more particularly described as follows:

A.    FedEx parcel bearing tracking label number 5350 8989 8894,

addressed to "Daphne JEAN APT 106 250 Engamore Lane Norwood

MA 02062," with a return address of "Karen JEAN 535 Hyde St San

Francisco, CA 94102 (hereinafter referred to as Package A-1);

B.    FedEx parcel bearing tracking label number 5350 8989 8839,

addressed to "Daphne JEAN APT 106 250 Engamore Lane Norwood

MA 02062," with a return address of "Karen JEAN 535 Hyde St San

Francisco, CA 94102 (hereinafter referred to as Package A-2);

C.    FedEx parcel bearing tracking label number 5350 8989 8872,

addressed to "Daphne JEAN APT 106 250 Engamore Lane Norwood

MA 02062," with a return address of "Karen JEAN 535 Hyde St San

Francisco, CA 94102 (hereinafter referred to as Package A-3);

D.    FedEx parcel bearing tracking label number 5350 8989 8883,

addressed to "Daphne JEAN APT 106 250 Engamore Lane Norwood

MA 02062," with a return address of "Karen JEAN 535 Hyde St San

Francisco, CA 94102," (hereinafter referred to as Package A-4);

E.    FedEx parcel bearing tracking label number 5350 8989 8791,

addressed to "Linden JAGGON Apt. 67 5300 Washington St West

Roxbury, MA 02132," with a return address of "Ann JAGGON 248

Hyde St San Francisco, CA 94102 (hereinafter referred to as

Package A-5);

F.    FedEx parcel bearing tracking label number 5350 8989 8806,

9

addressed to "Linden JAGGON Apt. 67 5300 Washington St West

Roxbury, MA 02132," with a return address of "Ann JAGGON 248

Hyde St San Francisco, CA 94102 (hereinafter referred to as

Package A-6); and

G.    FedEx parcel bearing tracking label number 5350 8989

8780,addressed to "Linden JAGGON Apt. 67 5300 Washington St

West Roxbury, MA 02132," with a return address of "Ann JAGGON

248 Hyde St San Francisco, CA 94102" (hereinafter referred to as

Package A-7).[1]

11.    Each SUBJECT PARCEL was approximately 23 inches long, 18 inches wide,

and 14 inches deep, and each weighed approximately 20 pounds. The

SUBJECT PARCELS' tracking labels indicated that each parcel was mailed

on October 25, 2012, from San Francisco, California. Based on my training

---

[1] There were also four other parcels without tracking labels affixed to them that had the same characteristics as the SUBJECT PARCELS. Those four parcels had been opened after Norwood Police executed a search warrant at 250 Engamore Lane, apartment 106, Norwood, and are not the subject of the instant warrant request.

and experience in narcotic related investigations, I know that California is a

drug source state.  The SUBJECT PARCELS bore no business account

number, thus indicating that the parcels were paid for in cash.  Finally, the

SUBJECT PARCELS were heavily taped on all the creases, which I know

based on my training and experience in narcotic related investigations, is a

commonly used technique to try and overt K-9 detection from the odors of

controlled substances.

12.    Regarding the sender information, I verified that "535 Hyde St San Francisco

CA 94102" and "248 Hyde St San Francisco CA 94102" are legitimate

addresses; however, the names "Karen JEAN" and "Ann JAGGON" were

non-existent at those addresses.  Based on the USPIS and law enforcement

analysis described above and my own experience, I know that narcotics

traffickers often use fictitious sender names along with existing return

addresses on parcels containing controlled substances or proceeds from the

sale of controlled substances.  The existing address lends a legitimate

11

appearance to the parcel.  In the event the parcel is intercepted by law

enforcement, the false sender name protects the true identity of the mailer.

13.    Regarding the addressee information, I verified that the address, "250

Engamore Lane, apt. 106 Norwood, MA 02062," is a legitimate address.  I

also verified that "Daphne JEAN" is an unknown name at that address.  I

also verified that the address "5300 Washington St Apt. 67, West Roxbury,

MA 02132" is a legitimate address, and that "Linden JAGGON" receives mail

at that address.  It should be noted that Linden JAGGON is the name of

GORDON's girlfriend, Andrean JAGGON's, father; however, the spelling is

actually "Lynden" JAGGON.  This information was found via open source

queries.

### III.  THE CURRENT INVESTIGATION

14.    On March 14, 2013, Special Agents (S/As) with the Department of

Homeland Security (DHS), Homeland Security Investigations (HSI), pursuant

to an administrative subpoena, received information from FedEx Express

12

Legal Department of approximately 280 parcels shipped from a mailing

center known as "Mailbox 4U" in San Francisco, California, to addresses

associated with Michael GORDON (herein referred to as "GORDON").

15.    GORDON has been the subject of an ongoing criminal investigation since

August 2011, when he was stopped by Transportation and Security

Administration (TSA) officials when he attempted to pass through a security

checkpoint at Boston Logan's International Airport with approximately

$60,000 in cash in his carry-on bag.  A criminal history query revealed that

GORDON had an extensive criminal history for narcotics-related offenses,

including an arrest in May 2011 in California for attempting to purchase 250

pounds of marijuana.  During the course of the investigation, agents have

learned that GORDON has flown to California and Nevada every couple of

weeks since June 2012, and only stayed for approximately two days, from

where, as described above, it is believed that he obtains large quantities of

marijuana that he then ships to the Boston area.  During surveillance during

two of these trips, agents observed GORDON rent vehicles from National

Car Rental, then proceed to conduct "burn runs", which is a counter-

surveillance technique often employed by narcotics traffickers to spot and/or

shake law enforcement surveillance.

16.    During the course of the investigation, GPS tracker warrants have been

obtained from the United States District Court, Northern District of California,

authorizing the installation of GPS trackers on rental vehicles GORDON has

rented.   On three such occasions, in December 2012, February, and March

2013, trackers were installed on rental vehicles GORDON rented from

National Car Rental from the San Francisco Bay Area.   On each occasion,

prior to GORDON's return to Boston, Massachusetts, agents from HSI San

Francisco observed GORDON shipping parcels, via the United States Postal

Service and FedEx Express, to various addresses in Massachusetts.   Agents

found that GORDON was shipping the parcels via FedEx from a mailing

center called "Mailbox 4U," located at 1230 Market Street, San Francisco,

California.

17.    A number of the parcels GORDON shipped have been interdicted by agents

in Massachusetts and, upon the execution of search warrants, have been

found to contain buckets containing a green leafy substance that field tested

positive for marijuana.  Of particular relevance, on February 12, 2013, a

search warrant was obtained for a parcel shipped by GORDON from (San

Francisco, CA) to Linden JAGGON at 5300 Washington Street, apartment

67, West Roxbury, MA (the same address as Packages A-5, A-6, and A-

7).  The resulting search revealed a white bucket that was heavily duct

taped around the lid, and within the bucket, a green leafy substance that

field tested positive for marijuana.

18.    When I reviewed the list from FedEx of the 280 parcels that had been

shipped from Mailbox 4U to addresses associated with GORDON, I identified

several parcels that had been signed for by "L Enforcement" at 151 Third

Avenue on October 26, 2012.  I conducted an open source query on the

15

address, 151 Third Avenue, and immediately found that the address was a

FedEx Distribution Center in Needham, Massachusetts. I then contacted Joe

Gulley, Corporate Security Officer for FedEx, who advised that he recalled

that a number of parcels had been turned over to the Norwood Police

Department in October 2012.

19.     On March 18, 2013, I spoke to Norwood Police Lieutenant (Lt.) Peter Kelly,

who advised that they had conducted a controlled delivery on October 26,

2012, after receiving parcels from Needham Police, who had themselves

conducted an interdiction at the FedEx Distribution Center in Needham that

day. Lt. Kelly provided a copy of their police report that detailed the

controlled delivery.

20.     The report stated that on October 26, 2012, Needham Police contacted

Norwood Police regarding suspicious packages that had been discovered at

the FedEx Distribution Center. Needham Police had been contacted by

FedEx Corporate Security, after a FedEx driver reported a suspicious parcel

16

emanating a suspicious odor, which the driver believed to be the odor of

marijuana.  The package was addressed to "Daphne JEAN" at 250

Engamore Lane, Norwood."  FedEx reviewed its records and identified five

boxes addressed to "Daphne JEAN" at 250 Engamore Lane, Norwood.  All

five packages listed the same sender (Karen JEAN) and the same contact

telephone number (774-232-3381) (your affiant had previously identified

this telephone number as one used by GORDON and had sought and

received judicial authorization to install pen register and trap and trace

devices on that number).  A search of that contact telephone number

revealed  that FedEx was also in the process of delivering another three

parcels that listed the same telephone number.  The three additional

packages were addressed to "Linden JAGGON Apt. 67 5300 Washington St

West Roxbury, MA 02132(the same address and recipient to whom, as

noted above, GORDON shipped a package containing marijuana in February

2013).  Three additional parcels addressed to 250 Engamore Lane,

17

apartment 1O6, Norwood, MA, were already en route to be delivered.

21.    FedEx Corporate Security noted that in addition to bearing the same contact

telephone number as the suspicious package all of the newly-discovered

packages had the same characteristics as the suspicious parcel, including

that they were all the same size and weight, and they were all heavily taped

on the edges.  In my training and experience, I know that individuals who

send marijuana through mail delivery systems will often heavily tape the

edges of the packages in an effort to contain the orders that marijuana

emits.

22.    At the request of Needham Police, Newton Police Officer Dan Valente, a

trained canine handler, and his narcotics K-9 "Dakota," responded to the

FedEx facility and conducted an examination of the parcels.  K-9 Dakota is

certified in the detection of marijuana, heroin, and cocaine, and has proven

reliable in previous examinations.  The SUBJECT PARCELS (Packages A-1

thru A-7) were placed separately in an area not known to have been

18

previously contaminated by a narcotic odor.  Each time, upon arriving at a

SUBJECT PARCEL, K-9 Dakota reacted in a positive manner to each

individual parcel, indicating the presence of a narcotic odor.

23.    The three parcels that were already en route to the Norwood address were

re-routed to the Norwood Police Department, after which Norwood Police

conducted a controlled delivery of the three packages at 250 Engamore

Lane, apartment 106, Norwood.  Upon arrival, the undercover officer,

dressed as a FedEx deliveryman, encountered a black male, identified later

as Calvin LORELIKE, when LORELIKE opened the door at apartment 106.

The undercover officer stated LORELIKE told him he (LORELIKE) had been

waiting for him (the FedEx delivery person), and asked for the parcels to be

brought into the apartment.  The apartment was empty, and LORELIKE told

the undercover officer that he had just moved in and would be expecting

more deliveries.

24.    After delivery of the parcels, officers who were conducting surveillance

observed LORELIKE leave 250 Engamore Lane.  The officers conducted a

consensual encounter with LORELIKE and found he was carrying a set of

keys with the number "10-106" listed on them.  From previous investigations,

Norwood Police knew the apartment complex listed the apartment numbers

on its keys.  Norwood Police placed LORELIKE under arrest and read him

his constitutional rights per the Miranda Decision.  LORELIKE stated that he

understood his rights and was willing to answer questions presented to him.

LORELIKE admitted that he was to receive the parcels, remove the packing

labels, and bring the labels and keys to Boston, where he would make a

telephone call.  Norwood Police found the three packing labels in

LORELIKE's right front pocket.  Each label bore the same sender and

delivery information as Packages A-1 – A-4.

25.   Norwood Police obtained a search warrant from Dedham District Court for

250 Engamore Lane, apartment 106, Norwood.  Upon execution of the

warrant, the three parcels were found in the closet of the apartment.  Each

parcel was opened and found to contain two orange five gallon containers,

and each container was found to contain marijuana.  The total weight of the

six orange containers was 31.4 pounds.

26.     LORELIKE was charged in Dedham District Court with violating

Massachusetts General Law (M.G.L) Chapter 94C, Possession with Intent to

Distribute a Class D Substance, Marijuana.  The three packages seized from

250 Engamore Lane are being used as evidence in that case; however, the

SUBJECT PARCELS have remained, unopened, in the possession of the

Norwood Police Department.

27.     On April 2, 2013, I met with Norwood Police Sergeant (Sgt.) Detective

(Det.) Robert Rinn regarding taking pictures of the SUBJECT PARCELS.  I

observed that the SUBJECT PARCELS had not been opened.  Sgt. Det.

Rinn stated he could turn over the parcels to your affiant to further the

investigation.

## IV.  CONCLUSION

21

28.     Based on these facts, I believe there is probable cause to believe that the

SUBJECT PARCELS contain controlled substances or proceeds from the

trafficking of controlled substances, constituting evidence of violations of Title

21, United States Code, Sections 841(a)(1), Possession with Intent to

Distribute Controlled Substances, and Title 21, United States Code, Section

846, conspiracy to do the same. I declare that the foregoing is true and

correct.

_____
Special Agent Richard Atwood

Subscribed and sworn to before me this _____ day of April, 2013.       APR 1 6 2013

_____
HONORABLE ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF MASSACHUSETTS

## ATTACHMENT A

### (Description of Property to be Searched)

The SUBJECT PARCELS are FedEx Parcels bearing tracking label numbers 5350 8989 8894, 5350 8989 8839, 5350 8989 8872, 5350 8989 8883, 5350 8989 8791, 5350 8989 8806, and 5350 8989 8780, and are more particularly described as follows:

1.    FedEx parcel bearing tracking label number 5350 8989 8894, addressed to "Daphne JEAN APT 106 250 Engamore Lane Norwood MA 02062," with a return address of "Karen JEAN 535 Hyde St San Francisco, CA 94102 (referred to as Package A-1);

2.    FedEx parcel bearing tracking label number 5350 8989 8839, addressed to "Daphne JEAN APT 106 250 Engamore Lane Norwood MA 02062," with a return address of "Karen JEAN 535 Hyde St San Francisco, CA 94102 (referred to as Package A-2);

3.    FedEx parcel bearing tracking label number 5350 8989 8872, addressed to "Daphne JEAN APT 106 250 Engamore Lane Norwood MA 02062," with a return address of "Karen JEAN 535 Hyde St San Francisco, CA 94102

23

(referred to as Package A-3);

4.    FedEx parcel bearing tracking label number 5350 8989 8883, addressed to

"Daphne JEAN APT 106 250 Engamore Lane Norwood MA 02062," with a

return address of "Karen JEAN 535 Hyde St San Francisco, CA 94102,"

(referred to as Package A-4);

5.    FedEx parcel bearing tracking label number 5350 8989 8791, addressed to

"Linden JAGGON Apt. 67 5300 Washington St West Roxbury, MA 02132,"

with a return address of "Ann JAGGON 248 Hyde St San Francisco, CA

94102 (referred to as Package A-5);

6.    FedEx parcel bearing tracking label number 5350 8989 8806, addressed to

"Linden JAGGON Apt. 67 5300 Washington St West Roxbury, MA 02132,"

with a return address of "Ann JAGGON 248 Hyde St San Francisco, CA

94102 (hereinafter referred to as Package A-6); and

7.    FedEx parcel bearing tracking label number 5350 8989 8780, addressed to

"Linden JAGGON Apt. 67 5300 Washington St West Roxbury, MA 02132,"

24

with a return address of "Ann JAGGON 248 Hyde St San Francisco, CA

94102" (hereinafter referred to as Package A-7).

Each SUBJECT PARCEL is approximately 23 inches long, 18 inches wide, and 14 inches

deep, and each weighs approximately 20 pounds.  The parcels are currently in the

possession of the Norwood Police Department.

**PICTURE OF PACKAGE A-1**



**PICTURE OF PACKAGE A-2**



**PICTURE OF PACKAGE A-3**



**PICTURE OF PACKAGE A-4**



**PICTURE OF PACKAGE A-5**



**PICTURE OF PACKAGE A-6**



**PICTURE OF PACKAGE A-7**



**ATTACHMENT B**

(Items to be searched for and seized)

Items, documents, records, files, and other information that constitutes evidence,

fruits, and/or other instrumentalities of violations of Title 21, United States Code, Sections

841(a)(1) and 846, including but not limited to narcotics, money, records relating to

narcotics and/or money, and/or records relating to the identity of the individual who

shipped the package or the intended recipient of the package.